IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY WILLIAMS, | ) |
| Plaintiff(s), | ) No. 1:08-cv-0705 CRB |
| v. | ) ORDER OF DISMISSAL |
| S. KUNTZMAN, et al., | ) |
| Defendant(s). | ) |

I.

Plaintiff, a prisoner at California State Prison, Solano, filed a First Amended Complaint ("FAC") (docket # 15) under 42 U.S.C. § 1983 alleging that, while at Wasco State Prison, defendants failed to provide him adequate dental care for a tooth abscess. He sought damages and injunctive relief.

Per order filed on May 4, 2009, the court found that, when liberally construed, plaintiff's allegations appeared to state a cognizable claim for deliberate indifference to serious medical needs under § 1983 and ordered the U.S. Marshal to serve the named defendants – Chief Dental Officer S. Kuntzman and dentists Merkel and R. Seitz.

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff does not state a claim for damages for deliberate indifference under § 1983 against any defendant and that defendants are entitled to qualified immunity. Defendants also argued that plaintiff's claim for injunctive relief under § 1983 should be dismissed as barred by the remedial plan in the class-action of Perez v. Cate, No. C 05-5241 JSW (N.D. Cal.).

Per order filed on December 15, 2009, the court granted defendants' motion to dismiss, but afforded plaintiff an opportunity to amend to allege, if possible, a § 1983 claim for damages against Seintz and/or Kutzman based on deliberate indifference to serious medical needs. The court found that plaintiff's allegations against Merkel did not amount to more than a claim for medical malpractice not cognizable under § 1983 and that his claim for injunctive relief was barred by the remedial plan of Perez v. Cate.

II.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence alone does not warrant liability under the Eighth Amendment. Id. at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is generally insufficient to establish deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004).

### III.

Currently before the court for screening under 28 U.S.C. § 1915A is plaintiff's Second Amended Complaint ("SAC") (docket # 29) and a request for leave to file and screen a proposed Third Amended Complaint ("TAC") (docket # 36). Good cause appearing, plaintiff's request for leave to file his proposed TAC is GRANTED.

A.  Merkel

In his FAC, plaintiff alleged that he was provided dental care by Merkel after he bit down on a hard object and exposed a hole in his tooth. Merkel filled

3

the hole but, according to plaintiff, did not do "a good job" and plaintiff later developed a "tooth abscess." Docket #15 at 2.

The court dismissed plaintiff's allegations against Merkel for failure to state a claim upon which relief may be granted. It explained:

> Plaintiff's allegations may state a claim for medical malpractice against Merkle, but they are insufficient to make out a violation of the Eighth Amendment. See Toguchi, 391 F.3d at 1060-61; Franklin, 662 F.2d at 1344. There is no indication whatsoever that Merkel knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837.

Dec. 15, 2009 Order at 5.

Although plaintiff was not granted leave to amend as to Merkel, he nonetheless attempts to do so in his TAC. There, plaintiff alleges that Merkel (although now also referred to as MeKeel) provided him with emergency dental care after he bit down on a hard object and cracked a posterior molar. Merkel filled the hole, but two or three days later, plaintiff developed a "tooth abscess." TAC at 5. According to plaintiff, Merkel should have considered and performed root canal therapy ("RCT") rather than just filled the hole in his cracked molar. Plaintiff's allegations against Merkel/MeKeel are dismissed for the same reason his similar allegations against Merkel in the first amended complaint were dismissed – the allegations may state a claim for medical malpractice against Merkle/MeKeel, but they are insufficient to make out a violation of the Eighth Amendment. See Toguchi, 391 F.3d at 1060-61; Franklin, 662 F.2d at 1334.

B.  Seitz and Kuntzman

In his FAC, plaintiff alleged that Seitz diagnosed tooth #19 as clinically abscessed and informed plaintiff that extraction of the tooth or RCT would be necessary. Docket # 15 at 2-3. Plaintiff did not want an extraction and wanted to

4

pursue RCT. Id. App. A at 1. Seitz explained that RCT on posterior teeth was not a covered procedure unless authorized by the Dental Authorization Request ("DAR") committee. Id. at 3 & App. A at 2. Plaintiff refused a recommended x-ray and "left saying he had to think about it." Id. App. A at 2. According to plaintiff, the DAR committee was "never convened to consider the option of endodontic therapy" (i.e., RCT) because the California Department of Corrections and Rehabilitation ("CDCR") "refuses to convene" the DAR committee. Id. at 3. Plaintiff alleged no facts as to Kuntzman.

The court dismissed plaintiff's allegations against Seitz and Kuntzman for failure to state a claim upon which relief may be granted. The court explained:

> Plaintiff alleges that Seitz informed him that RTC required approval by the DAR committee, but the committee was never convened because CDCR refuses to convene it. There is no indication that Seitz had any role in preventing the committee from being convened. In order to state a claim for damages against Seitz or any of the named defendants, plaintiff must allege facts showing that the specific prison official's deliberate indifference was the "actual and proximate cause" of the deprivation of plaintiff's Eighth Amendment rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff has not done so. He has not alleged a single fact showing how Seitz (or Kutzman) is responsible for his not getting RTC or, for that matter, why his not getting RTC amounts to deliberate indifference. See Toguchi, 391 F.3d at 1058 (to prevail on a claim involving choices between alternative courses of treatment, plaintiff must show that course of treatment doctors chose was medically unacceptable under the circumstances and that doctors chose this course in conscious disregard of an excessive risk to plaintiff's health).

Dec. 15, 2009 Order at 5-6.

In his TAC, plaintiff alleges that Seitz improperly advised him that RTC was not a covered procedure. TAC at 6. According to plaintiff, CDCR policy "stipulated in Chapter 2.9 Endodontics Dental Services Division of Correctional Health Care Services (Exhibit E)" provides that inmates "shall be eligible for limited Endodontic (root canal therapy) services at CDCR dental clinics." Id. But the exhibits plaintiff attaches to plaintiff's TAC in support of his claim make

5

clear that, under CDCR policy, "posterior root canal therapies on non-vital teeth are excluded procedures and, as such, require the prior approval of the Dental Authorization Review Committee," id. Ex. E at 1, and that Speir so advised plaintiff, id. Ex. D at 1. Plaintiff adds little more to this than his view that, under CDCR policy, he should have been offered RTC as an alternative to extraction.

Plaintiff's fails to state a § 1983 claim for damages against Seitz because he does not allege facts showing that Seitz's medical advice amounted to deliberate indifference or was the actual and proximate cause of the deprivation of plaintiff's Eighth Amendment rights. See Leer, 844 F.2d at 634. Plaintiff has not alleged any plausible facts showing that Seitz or Kutzman were personally responsible for his not getting RTC. His allegation that Kutzman should have provided a copy of the pertinent CDCR policy at the offices of the chief dentist does not compel a different conclusion.

## VI.

For the foregoing reasons, the TAC is dismissed under the authority of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The clerk shall enter judgment in accordance with this order, dismiss all pending motions as moot and/or without merit and close the file.

SO ORDERED.

DATED: March 2, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Williams, R1.dismissal.wpd

6